# EXHIBIT 1

Electronically Filed
1/26/2026 2:54 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MICHAEL V. CRISTALLI, ESQ.
Nevada Bar No. 6266
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 11271
**CLARK HILL PLC**
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Telephone:  (702) 862-8300
Facsimile:  (702) 778-9709
E-mail:  mcristalli@clarkhill.com
            wschuller@clarkhill.com

Attorneys for Plaintiff,
NEW HORIZON HEALTHCARE
MANAGEMENT LLC dba NEW HORIZON
MEDICAL SOLUTIONS

CASE NO: A-26-937989-C
Department 21

## DISTRICT COURT

## CLARK COUNTY, NEVADA

* * *

| | |
|---|---|
| NEW HORIZON HEALTHCARE MANAGEMENT LLC dba NEW HORIZON MEDICAL SOLUTIONS, a domestic limited-liability company, | CASE NO. |
| Plaintiff, | DEPARTMENT NO. |
| vs. | **COMPLAINT** |
| DAVID FELDMAR, MD, an individual; FELDMAR COSMETIC INC, a foreign corporation; FELDMAR MEDICAL CORPORATION, a foreign corporation; and FELDMAR PLASTIC SURGERY INC, a foreign corporation, | [Exempt from Arbitration - Action for Declaratory Relief] |
| Defendants. | |

COMES NOW, Plaintiff NEW HORIZON HEALTHCARE MANAGEMENT LLC dba NEW HORIZON MEDICAL SOLUTIONS ("New Horizon"), by and through its undersigned attorney at Clark Hill PLC, and hereby complains and alleges against Defendants DAVID FELDMAR, MD ("Dr. Feldmar"); FELDMAR COSMETIC INC ("Feldmar Cosmetic"), FELDMAR MEDICAL CORPORATION ("Feldmar Medical"), and FELDMAR PLASTIC SURGERY INC ("Feldmar Plastic Surgery") (collectively, "Defendants") as follows:

///

## JURISDICTIONAL ALLEGATIONS

1. New Horizon is a Nevada limited liability company.

2. Upon information and belief, Dr. Feldmar is an individual residing in Los Angeles County, California.

3. Feldmar Cosmetic is a California corporation.

4. Feldmar Medical is a California corporation.

5. Feldmar Plastic Surgery is a California corporation.

6. Pursuant to NRS 14.065, New Horizon is authorized to bring this action in Nevada.

7. Pursuant to NRS 13.040, venue of this action is appropriate in this Court.

8. Pursuant to contract, the parties submitted to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

9. Feldmar Cosmetic's principal address and mailing address is 8907 Wilshire Boulevard, Suite 100, Beverly Hills, California 90211.

10. Feldmar Medical's principal address and mailing address is 8907 Wilshire Boulevard, Suite 100, Beverly Hills, California 90211.

11. Feldmar Plastic Surgery's principal address and mailing address is 9301 Wilshire Boulevard, Suite 100, Beverly Hills, California 90210.

12. Dr. Feldmar is the agent of Feldmar Cosmetic, Feldmar Medical, and Feldmar Plastic Surgery.

13. Upon information and belief, Feldmar Cosmetic, Feldmar Medical, and/or Feldmar Plastic Surgery do business as Feldmar Aesthetics.

14. The website for Feldmar Aesthetics refers patients to Dr. Feldmar and states that the business is located at 9301 Wilshire Boulevard, Suite 100, Beverly Hills, California 90210.[1]

15. On or about August 13, 2024, New Horizon and Feldmar Aesthetics entered into the New Horizon Medical Solutions Medicare Fulfillment Agreement ("Agreement") whereby Feldmar Aesthetics would purchase wound care products ("Products") from New Horizon.

16. Dr. Feldmar executed the Agreement on behalf of Feldmar Aesthetics.

---

[1] *See* feldmaraesthetics.com/contact/ (last accessed January 26, 2026).

17. Pursuant to the Agreement, Feldmar Aesthetics agreed to pay New Horizon's invoices within 14 days, as specified. *Id*. at ¶ 3.

18. Nevada law governs enforcement of the Agreement. *Id*. at ¶ 4.

19. Between February 2025 and September 2025, Defendants used and purchased Products from New Horizon totaling over $6,000,000.00.

20. New Horizon fully performed under the Agreement, including providing timely delivery of Products and invoicing Feldmar Aesthetics and Dr. Feldmar for same.

21. Defendants breached the Agreement in failing to make timely payments for Products purchased from New Horizon.

22. As of January 22, 2026, Defendants owed New Horizon a principal balance of $7,895,216.20, exclusive of unbilled Products (of approximately $2 million), late fees, interest, attorney's fees, litigation costs, and any other relief available at law or in equity.

23. As the amounts due to New Horizon under the Agreement are currently in excess of $100,000.00, this action qualifies for permissive exemption from arbitration under NAR 5(b).

24. Pursuant to NRCP 8(a) and (d), New Horizon pleads in the alternative the following claims against Defendants.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

25. New Horizon repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

26. New Horizon and Defendants entered into a valid and existing contract – i.e., the Agreement.

27. New Horizon performed all obligations pursuant to the Agreement or was excused from performance.

28. Defendants failed to perform and were not excused from performance.

29. More specifically, Defendants defaulted under the Agreement in failing to make payments for Products.

30. New Horizon has sustained damages as a result of the breach.

31.    New Horizon is thus entitled to compensatory and consequential damages against Defendants in excess of $15,000.

32.    New Horizon is also entitled to its reasonable attorney's fees and costs pursuant to the Agreement.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33.    New Horizon repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

34.    New Horizon and Defendants were parties to the Agreement.

35.    Defendants owed a duty of good faith to New Horizon.

36.    Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the Agreement.

37.    More specifically, Defendants defaulted under the Agreement in actively concealing its inability and/or unwillingness to timely pay New Horizon for Products.

38.    New Horizon's justified expectations were thus denied.

39.    New Horizon is thus entitled to compensatory and consequential damages against Defendants in excess of $15,000.

40.    New Horizon is also entitled to its reasonable attorney's fees and costs pursuant to the Agreement.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

41.    New Horizon repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

42.    Defendants unjustly retained the Products of New Horizon against fundamental principles of justice or equity and good conscience.

43.    New Horizon is thus entitled to compensatory and consequential damages against Defendants in excess of $15,000.

///

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

44.     New Horizon repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

45.     Pursuant to NRS 30.040(1), "[a]ny person…whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

46.     New Horizon's position is that Defendants owe monetary damages for defaulting under the Agreement.

47.     New Horizon's rights are adversely affected by Defendants' refusal to perform under the Agreement.

48.     New Horizon thus requests a declaration of its rights and remedies under the Agreement.

49.     The Court should interpret the Agreement as a justiciable controversy exists between New Horizon and Defendants, New Horizon has a legally protectable interest in the controversy, and the issue presented is ripe for judicial determination.

### PRAYER FOR RELIEF

WHEREFORE, New Horizon prays for relief as follows:

1.     For compensatory and consequential damages against Defendants;

2.     For an award of reasonable attorney's fees and costs incurred herein;

3.     For pre-judgment and post-judgment interest on the foregoing amounts;

///

///

///

4.    For declaratory relief on the Agreement; and

5.    For such other and further relief as this Court may deem just and proper.

DATED this 26th day of January 2026.

**CLARK HILL PLC**

By /s/ William D. Schuller, Esq.
MICHAEL V. CRISTALLI, ESQ.
Nevada Bar No. 6266
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 11271
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

Attorneys for Plaintiff,
NEW HORIZON HEALTHCARE
MANAGEMENT LLC dba NEW HORIZON
MEDICAL SOLUTIONS